Janet M. Herold
Regional Solicitor
Susan Seletsky (Cal. SB: 176106)
Chief Counsel for FLSA Litigation
Jessica M. Flores (Cal. SB: 294060)
Trial Attorney
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7748
Facsimile:  (415) 625-7772
Email: flores.jessica@dol.gov

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Thomas E. Perez**, Secretary of Labor, United States Department of Labor, | ) ) ) Case No. |
| Plaintiff, | ) ) **COMPLAINT FOR INJUNCTIVE** |
| v. | ) **RELIEF AND TO RECOVER** |
| **Colmenero's Pallets, Inc.,** an Arizona Corporation**;** **Juan Colmenero,** individually and as managing agent of corporate defendant; **Silvia V. Colmenero**, spouse of Juan Colmenero, | ) **AMOUNTS DUE UNDER THE** ) **FAIR LABOR STANDARDS ACT** ) (29 U.S.C. § 201 *et seq.*) ) ) ) |
| Defendants. | ) ) ) |

1.     The Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-19 (hereinafter "FLSA or the "Act") to enjoin Defendants Colmenero's Pallet's, Inc., Juan Colmenero, and Silvia V. Colmenero (collectively, "Defendants"), from violating

**COMPLAINT**                                                                              **Page 1 of 8**

provisions of §§ 15(a)(2), 15(a)(3) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(3) and 215(a)(5) and to recover amounts due.

2.     This Court has subject matter jurisdiction of this action under Section 17 of the FLSA, 29 U.S.C. §217; this Court also has subject matter jurisdiction of this action under 28 U.S.C. §1331 (federal question) and §1345 (United States as Plaintiff).

3.     (a)     Defendant Colmenero's Pallets, Inc., is and at all relevant times has been an Arizona corporation, and has an office and place of business at 2947 E Illini, Phoenix, Arizona 85404, within the jurisdiction of this Court, and has been engaged in commerce as a pallet manufacturer.  Colmenero's Pallets, Inc. is and at all relevant times hereto, has been an employer within the meaning of the FLSA §3(d), 29 U.S.C. §203(d).

(b)     On information and belief, Defendant Juan Colmenero resides within the jurisdiction of this Court, and is an owner, the President and Director of Colmenero's Pallets, Inc.   Mr. Colmenero has been at all relevant times an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in the interest of Colmenero's Pallets, Inc., in relation to its employees.

(c)     On information and belief, Defendant Silvia V. Colmenero, is spouse of Juan Colmenero, and resides within the jurisdiction of this Court. Spouse is named as a defendant pursuant to Ariz. Rev. State 25-215 solely to assure that complete relief can be granted.

4.     The business activities of the Defendants constitute, and at all times material hereto have constituted, related activities performed through unified operation or common control for a common business purpose; and are, and at all times material hereto have been, an "enterprise" as defined in FLSA § 3(r), 29 U.S.C. § 203(r).

5.     The aforesaid enterprise has, and at all times material hereto has had,

employees engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials which have been moved in or produced for commerce.  Said enterprise has, and at all times material hereto has had, an annual gross volume of sales made or business done (exclusive of any excise taxes at the retail level, if any, that were separately stated) of no less than $500,000.00; and said enterprise constitutes, and at all times material hereto has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s), 29 U.S.C. § 203(s).

6.     The Defendants have violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying their employees' wages at rates less than the effective minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

7.     Defendants have violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §207 and §215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours without paying those employees an overtime rate of time and one half the employee's regular rate for all hours worked in excess of 40 in the workweek.

8.     Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

**COMPLAINT**                                                        **Page 3 of 8**

9.      Defendants have violated the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by discharging or otherwise discriminating against employees to deter employees from cooperating with the Secretary's investigation into Defendants' compliance with the FLSA.

10.     Defendants have violated the provisions of Section 11(a) of the FLSA, 29 U.S.C. §211(a), by obstructing the Secretary's investigation into Defendants' compliance with the FLSA by engaging in acts to deter employees from cooperating with the Secretary's investigation into Defendants' compliance with the FLSA.

(a) As a result of the violations of the monetary provisions of the FLSA, there is unpaid minimum wage and overtime compensation due under the FLSA that is being withheld by the Defendants.

(b) A judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by Section 17 of FLSA, 29 U.S.C. §217.

(c) A judgment enjoining and restraining the continued withholding of unpaid overtime compensation due under the FLSA is specifically authorized by Section 17 of the FLSA, 29 U.S.C. §217.

(d) Judgment awarding unpaid minimum wage and overtime compensation due under the FLSA, plus an additional equal amount as liquidated damages, is specifically authorized by FLSA § 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, the Secretary prays for a judgment against Defendants as follows:

A.      For an order pursuant to Section 17 of the FLSA, 29 U.S.C. §217, permanently enjoining and restraining Defendants, their successors, officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of the FLSA §§6(a), 7, 11(a), 11(c), 15(a)(2), 15(a)(3) and 15(a)(5), 29 U.S.C. §§ 206(a), 207, 211(c), 215(a)(2), 215(a)(3), and 215(a)(5); and

**COMPLAINT**                                               **Page 4 of 8**

B.     For an order

(i) pursuant to FLSA § 16(c), 29 U.S.C. § 216(c) finding the Defendants liable for unpaid minimum wage and overtime compensation, and an equal amount as liquidated damages, to present and former employees of Defendants including the persons listed by name on the attached Exhibit A and other employees whose names have not been disclosed to the Secretary; or

(ii) in any instances where liquidated damages are not awarded, pursuant to FLSA § 17, 29 U.S.C. § 217, enjoining and restraining Defendants, their successors, officers, agents, servants and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid minimum wage and overtime compensation found  to be due under the FLSA to present and former employees of Defendants including the persons listed by name on the attached Exhibit A and other employees whose names have not been disclosed to the Secretary, plus pre-judgment interest at an appropriate interest rate; and,

C. Awarding the Secretary such further legal and equitable relief as may be deemed appropriate.

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief Counsel for FLSA Litigation

_____/s/Jessica M. Flores_____
JESSICA M. FLORES, Attorney
Attorneys for the Plaintiff
Dated: July 2, 2015                                    U.S. Department of Labor

**COMPLAINT**                                                          **Page 5 of 8**

1

## **EXHIBIT A**

2

3

| | First Name | Last Name |
|---|---|---|
| 1. | RICARDO | AGUIRRE |
| 2. | ARTURO | ALARCON |
| 3. | LEONARDO | ALVARADO |
| 4. | ANTONIO | BRAVO |
| 5. | CARLOS | CHITAY |
| 6. | GASPAR | COLMENERO JR. |
| 7. | WILBER | CORNEJO |
| 8. | OBDULIO | CRUZ |
| 9. | GILBERTO | DIAZ |
| 10. | KEVIN | FLOREZ |
| 11. | JUAN | GARCIA |
| 12. | GUSTAVO | GOMEZ |
| 13. | JULIO | GONZALEZ |
| 14. | IVAN | HARO |
| 15. | FELIPE | JUAREZ |
| 16. | GEORGE | LEYVA |
| 17. | JUAN | MENDEZ |
| 18. | JORGE | MENDOZA |
| 19. | ALBERLARDO | MONTEJO |
| 20. | RODRIGO | ORDUNA |
| 21. | IVAN | ORTEGA |

**COMPLAINT**                                                                                      **Page 6 of 8**

1

**EXHIBIT A - Continued**

2

| | First Name | Last Name |
|---|---|---|
| 22. | GUSTAVO | PACHECO |
| 23. | CRISTOBAL | SANAN RAMOS |
| 24. | ALBERTO | SANCHEZ |
| 25. | ANTONIO | SANCHEZ |
| 26. | BERTIN | SANCHEZ |
| 27. | GENDRI | SANCHEZ |
| 28. | HERMIN | SANCHEZ |
| 29. | ROGELIO | SANCHEZ |
| 30. | ARNOLDO | SUBUL |
| 31. | MARCOS | TANBRIZ |
| 32. | CARLOS | ZAVALA |
| 33. | JUAN PABLO | ALLENDE |
| 34. | ERIX | ALVEREZ |
| 35. | JOSE EDWARDO | CARMONA |
| 36. | VICTOR | ORTIZ |
| 37. | JULIO | PACHECO |
| 38. | UNDISCLOSED 1 | |
| 39. | UNDISCLOSED 2 | |
| 40. | UNDISCLOSED 3 | |
| 41. | UNDISCLOSED 4 | |
| 42. | UNDISCLOSED 5 | |
| 43. | UNDISCLOSED 6 | |
| 44. | UNDISCLOSED 7 | |

**COMPLAINT**                                                **Page 7 of 8**

1

**EXHIBIT A - Continued**

2

| | First Name | Last Name |
|---|---|---|
| 45. | UNDISCLOSED 8 | |
| 46. | UNDISCLOSED 9 | |
| 47. | UNDISCLOSED 10 | |
| 48. | UNDISCLOSED 11 | |
| 49. | UNDISCLOSED 12 | |
| 50. | UNDISCLOSED 13 | |
| 51. | UNDISCLOSED 14 | |
| 52. | UNDISCLOSED 15 | |
| 53. | UNDISCLOSED 16 | |
| 54. | UNDISCLOSED 17 | |
| 55. | UNDISCLOSED 18 | |
| 56. | UNDISCLOSED 19 | |
| 57. | UNDISCLOSED 20 | |
| 58. | UNDISCLOSED 21 | |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**COMPLAINT**                                                                 **Page 8 of 8**